UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICE H. SHOWELL, SCOTT D. SHOWELL,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>BAC HOME LOANS SERVICING, LP, fka COUNTRYWIDE HOME LOANS SERVICING, LP; FIDELITY NATIONAL TITLE INSURANCE; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., aka MERS,<br><br>　　　　　　　Defendants. | Case No. 4:11-CV-00489-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Defendants' Motion to Dismiss (Dkt. 6) and Plaintiffs' Motion to Amend Complaint (Dkt. 13). The parties have briefed the motions and they are now ripe for the Court's consideration. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and the record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions

will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

For the reasons discussed below, the Court will grant Defendants' motion to dismiss and deny Plaintiffs' motion to amend the complaint.

## BACKGROUND[1]

Plaintiffs allege that on or about July 23, 2003, they financed their purchase of real property located at 474 South 5400 West, Malad City, Idaho (the Property) with a loan obtained from America's Wholesale Lender, which loan was memorialized in a promissory note (the "Note") and a Deed of Trust to the Property. (Am. Compl. at ¶¶ 3-4, Dkt. 1-4.) The Deed of Trust names America's Wholesale Lender as the Lender, Fidelity National Title ("Fidelity") as Trustee, Mortgage Electronic Systems, Inc. ("MERS") as beneficiary, and Plaintiffs as the borrowers. (Am. Compl. Ex A, Dkt. 1-4.)

The Deed of Trust expressly states on page one that MERS "is acting solely as nominee for Lender and Lender's successors and assigns," and is the "beneficiary under this Security Instrument." Further, the Deed of Trust reiterates on page two that MERS is "[t]he beneficiary of this Security Instrument . . . (solely as nominee for Lender and Lender's Successors and assigns)." And on page three, "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument." MERS, "as the nominee for the Lender and Lender's successors and assigns . . . has the right to . . . take any action required of Lender, including, but not

---

[1] The following facts are taken from the Amended Complaint, the documents attached to the Amended Complaint and Plaintiffs' motions filed in state court, as well as the documents of public record attached to Defendants' Motion to Dismiss, of which the Court takes judicial notice. (Dkt. 17.)

**MEMORANDUM DECISION AND ORDER - 2**

limited to, releasing and canceling this Security Instrument." But, the Security Instrument "secures to Lender (i) the repayment of the Loan . . . and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note." Trustee was granted, "in trust, with the power of sale," the Property.

The Deed of Trust indicates that "[t]he Note, or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Am. Compl. Ex. A  Dkt. 1-4.) In that event, Plaintiffs would be notified where to send their payments, which would be received by a "Loan Servicer." Upon an event of default, Lender could invoke the power of sale, and "cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold."

Plaintiffs stopped making loan payments on the Property in April of 2010. (Application, Ex. A Dkt. 1-3.) By August 27, 2010, the amount outstanding was $8,471.43. (*Id.*) Defendants chose to invoke the power of sale to realize on the security in satisfaction of the debt. MERS on August 27, 2010, executed a Corporation Assignment of Deed of Trust assigning its interest under the Deed of Trust to BAC Home Loans Servicing, LP, fka Countrywide home Loans Servicing, LP, which was recorded in the public real property records of Oneida County, Idaho, on September 1, 2010, as Instrument No. 146068. BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP, ("BAC") later appointed ReconTrust as the successor trustee on August 27, 2010, and the Appointment of Successor Trustee was recorded in the public real property records of Oneida County, Idaho, on September 1, 2010, as Instrument No.

**MEMORANDUM DECISION AND ORDER - 3**

146069. ReconTrust caused the Notice of Default to be recorded in the public real

property records of Oneida County, Idaho, on September 1, 2010, as Instrument No.

146070. Finally, the Affidavit of Service by Mail was recorded in the public real property

records of Oneida County, Idaho, on July 22, 2010, as Instrument No. 147125.

A foreclosure sale has not yet taken place. Plaintiffs filed their Complaint on

September 15, 2011, which was later amended on September 27, 2011, alleging the

following causes of action: (1) failure to maintain and produce the note; (2) quiet title;

and (3) unjust enrichment.

## ANALYSIS

### 1.    Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

of the claim showing that the pleader is entitled to relief," in order to "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule

12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth

"more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to "state a claim to relief that is

plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a

"probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

In a more recent case, the United States Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith*

**MEMORANDUM DECISION AND ORDER - 5**

*Barney, Inc*., 416 F.3d 940, 946 (9th Cir. 2005). The United States Court of Appeals for the Ninth Circuit has held that, "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." C*ook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc*., 375 F.3d 861, 866 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

2.     **Plaintiffs' Due Process Claims**

Plaintiffs argue that non-judicial foreclosure violates their due process rights if they cannot be heard as to the potential invalidity of the trust deed relied upon to initiate foreclosure. Further, Plaintiffs contend that noncompliance with the Deed of Trust Act renders any sale invalid.

**MEMORANDUM DECISION AND ORDER - 6**

The cases Plaintiffs cite to support their due process theory are inapposite. *Roos v. Belcher*, 321 P.2d 210 (Idaho 1958), simply held that the inability of a grantor of a deed of trust to redeem when a sale is made by a trustee under a deed of trust "is not a denial of due process." Rather, the only process that is due is adherence to the notice requirements and the requirements of Idaho Code § 45-1506. *Roos*, 321 P.2d at 212 –213. The court in *Roos* found that the notice and recording requirements of the statute satisfied the constitutional requirements of due process. *Id.* The remainder of the cases Plaintiffs cite involve allegations of inadequate notice brought after the foreclosure sale had occurred, which is not the case here because there has been no sale. *See Taylor v. Just*, 59 P.3d 308 (Idaho 2002); *Sec. Pacific Fin. Corp. v. Bishop*, 704 P.2d 357 (Idaho Ct. App. 1985).

Therefore, compliance with Idaho Code § 45-1506 is all that is required prior to initiating non-judicial foreclosure proceedings on a deed of trust. *Trotter v. Bank of New York Mellon*, 275 P.3d 857, 862 (Idaho 2012). Plaintiffs have not alleged any facts or pointed the Court to any irregularities with the recorded documents to suggest Defendants have not complied with Idaho Code § 45-1506. Therefore, their due process claim will be dismissed.

### 3.      Produce The Note Theory

Plaintiffs next argue that Defendants must "produce the note prior to foreclosure," and claim they have a right to demand that Defendants produce the note under Article 3 of the Uniform Commercial Code.

The first problem with Plaintiffs' theory is their confusion over the purpose of Article 3 versus enforcement of the security instrument. Defendants are not collecting on the Note or otherwise enforcing the Note. Rather, Defendants are realizing their right to foreclose and enforce the security instrument upon nonpayment of the Note. Plaintiffs have acknowledged that they have not paid the monthly amounts due under the Note.

Second, the Idaho Supreme Court rejected a similar argument in *Trotter v. Bank of New York Mellon*, holding that "a trustee may initiate non-judicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note . . . ." 275 P.3d 857, 862 (Idaho 2012). This Court, in conformance with the Idaho Supreme Court's interpretation of Idaho law, likewise rejects Plaintiffs' argument that Defendants lack the ability to foreclose because they lack standing and must "prove" ownership of the original note. *See Cherian v. Countrywide Home Loans, Inc. et. al.*, No. 1:12-cv-00110-BLW, 2012 WL 2865979 *3 (D. Idaho July 11, 2012).

The Court therefore will dismiss Plaintiffs' claims based upon their argument that Defendants must prove ownership of the note prior to foreclosure. *See also Hofhines v. BAC Home Loans Servicing, L.P.,* 2012 WL 3440458 (D. Idaho June 1, 2012) *adopted by* 2012 WL 3438327 (D. Idaho Aug. 15, 2012) (rejecting Plaintiffs' argument that Article 3 of the Uniform Commercial Code governs non-judicial foreclosure).[2]

**4.     Quiet Title**

In Idaho, a quiet title "action may be brought by any person against another who claims an estate or interest in real or personal property adverse to him, for the purpose of

---

[2] Mr. Rocky Wixom, the Showells' counsel here, was plaintiffs' counsel in *Hofhines*.

determining such adverse claim." Idaho Code § 6-401. The "purpose of a quiet title action is to establish the security of title." *Roselle v. Heirs and Devisees of Grover*, 789 P.2d 526, 529 (Idaho Ct. App. 1990).

Fatal to the Plaintiffs' quiet title claim is their failure to plead tender. "A mortgagor cannot without paying his debt quiet title as against the mortgagee." *Trusty v. Ray*, 249 P.2d 814, 817 (Idaho 1952). This is true even where the mortgagee has failed to pursue a foreclosure action within the applicable statute of limitations. *Id.*; *see also In re Mullen*, 402 B.R. 353, 358 (Bankr. D. Idaho 2008). The Plaintiffs have not included an assertion in their amended complaint that they tendered payment of their debt obligation. Without evidence or even an assertion that the Plaintiffs can or are willing to tender payment on their loan, they cannot succeed on their quiet title action, as a matter of law. Having not alleged tender, Defendants' motion to dismiss the quiet title claim is properly granted. *See Gilbert v. Bank of America, N.A., et. al.*, Case No. 1:11-cv-00272-BLW, 2011 WL 4345004 *2—3 (D. Idaho Sept. 15, 2011).

Nevertheless, to avoid the tender requirement, Plaintiffs argue that the Deed of Trust itself is invalid, and therefore did not create a security interest in the Property. Plaintiffs argue that, because the Deed of Trust is unenforceable, Plaintiffs' failure to tender the loan balance is not fatal to their quiet title claim. Plaintiffs assert the Deed of Trust violates Idaho law because it grants "legal title to the property" to MERS, because MERS is the named beneficiary, but simultaneously grants to the Trustee, in trust, with the power of sale, the same property. (Pls.' Obj. at 20, Dkt. 8.) Plaintiffs argue that

**MEMORANDUM DECISION AND ORDER - 9**

because the Deed of Trust is unenforceable, the Note is unsecured and initiation of foreclosure is improper.

The Trust Deeds Act, Idaho Code § 45-1501 *et. seq*., defines the "beneficiary" as the person named or designated in a trust deed as the person for whose benefit a trust deed is given, and who shall not be the trustee. Idaho Code § 45-1502(1). The "Trustee" is defined as the person to whom "legal title to real property is conveyed by trust deed." Idaho Code § 45-1502(4). Plaintiffs argue that the designation of MERS as holding "legal title to the property" while simultaneously designating it as the beneficiary violates these two provisions, thereby rendering the Deed of Trust unenforceable.

Plaintiffs misconstrue the applicable terms of the Deed of Trust. The Deed of Trust expressly states on page one that MERS "is acting solely as nominee for Lender and Lender's successors and assigns," and is the "beneficiary under this Security Instrument." Further, the Deed of Trust reiterates on page two that MERS is "[t]he beneficiary of this Security Instrument . . . (solely as nominee for Lender and Lender's Successors and assigns)." And on page three, "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument." MERS, "as the nominee for the Lender and Lender's successors and assigns . . . has the right to . . . take any action required of Lender, including, but not limited to, releasing and canceling this Security Instrument." But, the Security Instrument "secures to *Lender* (i) the repayment of the Loan . . . and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note." (italics added). Trustee was granted, "in trust, with the power of sale," the Property.

**MEMORANDUM DECISION AND ORDER - 10**

The language in the Deed of Trust is not ambiguous.[3] MERS is not the "beneficiary of the property," but rather the "beneficiary under this Security Agreement." Nowhere in the Deed of Trust is MERS given legal title to the Property as Plaintiffs suggest; rather, MERS is given legal title to the "interests granted by Borrower in this Security Instrument." America's Wholesale Lender was identified as the beneficiary, and the Trustee held the Property in trust with the power of sale if Borrower failed to pay the payments under the Note. MERS was given only the authority to exercise the rights described in the Deed of Trust on behalf of America's Wholesale Lender as the lender's agent. *Hobson v. Wells Fargo Bank, N.A.*, No. 1:11-cv-00196-BLW, 2012 WL 505917 *4 (D. Idaho Feb. 15, 2012) (as the nominee, MERS acts as the agent of the lender). Nothing in Idaho law prohibits the Lender, in this case America's Wholesale Lender, from designating MERS as its nominee or agent in the Deed of Trust.

As a nominee, MERS is "designated to act for another as his representative in a rather limited sense," and a nominee "is used sometimes to signify an agent or trustee." *Schuh Trading Co. v. Comm'r of Internal Revenue*, 95 F.2d 404, 411 (7th Cir. 1938). Therefore, MERS is authorized to act as America's Wholesale Lender's agent or representative with respect to any duties America's Wholesale Lender could undertake pursuant to the terms of the Deed of Trust. *See Hobson v. Wells Fargo Bank, N.A.*, 2012 WL 505917 at *5 (concluding MERS had the authority to assign its beneficial interest in the Deed of Trust under the express terms of the trust deed designating MERS as the

---

[3] Whether a contract is ambiguous is a question of law, and the Court looks only the face of the document, giving the words or phrases used their common use or settled legal meanings. *Swanson v. Beco Const. Co., Inc.*, 175 P.3d 748, 751 (Idaho 2007).

beneficiary and agent of the lender); *see also Thompson v. Bank of New York Mellon*, No. 3:12-cv-00066-MO, 2012 WL 1253203 *3 n.5 (D. Or. Apr. 12, 2012 (finding no reason MERS cannot be both a nominee and the beneficiary under a deed of trust, an arrangement for which both parties expressly contracted).

Second, Plaintiffs do not explain why the provision in the Deed of Trust defining the scope of MERS's authority to act as an agent on the Lender's behalf is invalid. The Deed of Trust explained that MERS holds legal title to the interests granted by Plaintiffs in the trust deed, but that MERS, as nominee for the Lender and Lender's successors and assigns, has the right to exercise all of those interests, and to take action required of Lender. This contractual provision grants to MERS the right to exercise all rights and interests of the Lender, including the power to appoint a successor trustee or assign its nominal interest in the Deed of Trust. *Washburn v. Bank of America, N.A.*, Case No. 1:11-cv-00193, 2011 WL 7053617 *6 n.13, (D. Idaho Oct. 21, 2011), *adopted as modified*, 2012 WL 139213 (Jan. 17, 2012) (noting that MERS, as the nominee for the Lender with legal title to the interest granted by Borrower in the Trust deed, is able to exercise rights that would otherwise be exercised by the Lender); *Hobson*, 2012 WL 505917 at *5. But the mere designation of MERS in the trust deed as the beneficiary of the *security instrument*, and as Lender's nominee, does not alter the fact that the holder of the note (the lender) would still be entitled to repayment of the loan and is the proper

party in whose name foreclosure is initiated after the borrowers' default. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. Cir. 2011).[4]

Rather, MERS is acting solely as nominee for the lender. *See Cervantes,* 656 F.3d at 1044 (finding that under Arizona law a split would only render a mortgage unenforceable if MERS or the trustee, as nominal holders of the deed, are not agents of the lenders). *See also Carter v. IBM Lender Bus. Process Servs. Inc., et al.*, Bonneville County District Court, Case No. CV–2011–647 (Idaho Jan. 11, 2012) (finding the lender and its successors and assigns are designated entities for whose benefit the deed of trust was given).

Plaintiffs conveniently fail to cite to all of the relevant portions and language in the Deed of Trust. There is no language in the Deed of Trust substituting MERS as the beneficiary in the place of the Lender, or granting MERS legal title to the Property. *See Hofhines*, 2012 WL 3440458 at *5 (rejecting the plaintiffs' argument that the deed of trust was ambiguous and holding that there was no language confusing the legal rights and responsibilities of the Lender, Trustee, and MERS). Thus, MERS, as the Lender's agent, had the authority to assign its nominal interest in the Deed of Trust to BAC, on August 27, 2010, and later, BAC appointed ReconTrust as the successor trustee. The Court finds that the Deed of Trust is not ambiguous as to the respective roles of the

---

[4] Further, the Court views Plaintiffs' argument as simply a novel way to argue that no party has the right to foreclose. *Cervantes* explained that a deed of trust designating MERS as the nominee explicitly informed borrowers of MERS's role, and the parties explicitly agreed to such an arrangement. *Cervantes*, 656 F.3d at 1042. In response to the plaintiffs' argument that naming MERS as a beneficiary is a sham and therefore no party was in a position to foreclose, the court stated "we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose." *Cervantes*, 656 F.3d at 1044.

**MEMORANDUM DECISION AND ORDER - 13**

Lender, the Trustee, and MERS, and the Deed of Trust does not violate the provisions of the Trust Deeds Act.[5]

## 5.      MERS's Ability to Assign its Interests

Alternatively, Plaintiffs argue that MERS cannot assign interests based upon its "nominee" status. Therefore, Plaintiffs contend that MERS, absent authority from the original Lender, America's Wholesale, could not assign its interests in the Deed of Trust.

This position has been rejected routinely by the courts, including this Court. *See, e.g., Hobson*, 2012 WL 505917 at *5. In *Hobson*, relying in part on the Idaho Supreme Court's decision in *Trotter*, this Court concluded that MERS had the authority to assign its beneficial interest in the deed of trust to the foreclosing bank. *Id.* In contrast, Plaintiffs have failed to cite to any current controlling authority supporting their position that MERS lacks the ability to assign its interest in the Deed of Trust. The Court can find no distinction between this case and the facts as alleged in *Hobson* and *Trotter*.[6]

Further, to the extent Plaintiffs challenge the assignment from MERS to BAC, this assignment was valid under the Deed of Trust because the trust deed gave MERS the right to exercise any or all of Lender's (and Lender's successors and assigns) interests in the Deed of Trust. *See Fowler v. ReconTrust Company, N.A.*, 2011 WL 839863 (D. Utah March 10, 2011) (interpreting the same deed of trust language, the court found that MERS is able to take any actions that the lender could). As nominee, MERS acts as the

---

[5] Because the Court did not consider the language ambiguous, it did not consider Plaintiffs' alternative argument that, in the event it did find the language ambiguous, the ambiguity should be strictly construed against Defendants.
[6] Although these two cases were decided after Plaintiffs submitted their response brief on November 17, 2011, Plaintiffs have continued to submit unsolicited supplemental authority to this Court. (Dkt. 15, 17). They have not adequately explained why *Trotter* and *Hobson* are distinguishable. The state court cases brought to the Court's attention to support Plaintiffs' arguments were decided prior to *Hobson* and *Trotter*.

MEMORANDUM DECISION AND ORDER - 14

agent of the original lender and as agent of the lender's successors, and had the authority to assign its interest in the Deed of Trust to BAC. *See Hofhines*, 2012 WL 3440458 at *7 (finding assignment made from MERS to BAC valid under the language of the trust deed). Moreover, there is no requirement in the Deed of Trust that the original Lender grant MERS permission to assign *MERS's* interest in the Deed of Trust to lenders' successor in interest. MERS is expressly given the ability to exercise all of the rights of the Lender, and MERS's authority to act therefore does not depend upon the permission of the original lender.

**6.      Splitting the Note Theory**

Plaintiffs argue that the interests of the Note and the Deed of Trust were severed because the Note names America's Wholesale Lender as the note holder, while the Deed of Trust names MERS as the beneficiary. Further, Plaintiffs argue that there is no proof that Bank of America has the right to foreclose, because there is no indication America's Wholesale Lender granted MERS the authority to assign the Deed of Trust to Bank of America.

In *Cervantes v. Countrywide Home Loans, Inc*., the Court of Appeals for the Ninth Circuit, explaining that MERS is an electronic database that tracks the transfers of the beneficial interest in home loans, held that use of the MERS system does not eliminate a party's right to foreclose—even accepting the premise that use of MERS splits the note from the deed. 656 F.3d at 1044. Applying Ninth Circuit law, this Court finds that any alleged splitting of the note from the deed does not preclude the proper Defendant in this

case, or any other proper party, from foreclosing on Plaintiff's Deed of Trust. *Cherian*, 2012 WL 2865979 at *4.[7]

      Further, Plaintiffs fail to support their claims with persuasive authority for their arguments. The Deed of Trust indicates MERS is acting as the nominee, or agent, of the Lender, which as explained above is what Plaintiffs expressly agreed to; Plaintiffs can point to no authority that MERS's authority to act as an agent on the Lender's behalf is invalid. *See Hofhines*, 2012 WL 3440458 *7 (finding no split when the Deed of Trust explicitly states that MERS is acting as nominee for the lender, and citing *Cervantes*, 656 F.3d at 1042).

## 7.    Statute of Frauds

      Plaintiffs next argue that, because the Deed of Trust is invalid, the Note, by itself, cannot substitute as a security instrument because it violates the Statute of Frauds by failing to contain a legal description. Because the Court has rejected Plaintiffs' argument that the Deed of Trust is invalid, there is no need to consider whether the Note, by itself, can serve also as a security instrument. *See also Hofhines*, 2012 WL 3440458 at *6 (rejecting the plaintiffs' argument that a note, like the Note in this case, failed to comply with the statute of frauds because a promissory note is not an instrument conveying or affecting an interest in real property but instead a promise to repay the loan and is therefore not subject to the statute of frauds).

---

[7] Plaintiffs' reliance upon bankruptcy cases, such as *In re Wilhelm*, 405 B.R. 392 (Bankr. D. Idaho 2009), in its "split the note" argument is misplaced. This Court and the Idaho Supreme Court have rejected the application of bankruptcy law to non-judicial foreclosures. *See e.g., Trotter*, 275 P.3d at 862 n.3; *Washburn v. Bank of America, N.A.*, 2011 WL 7053617 *7 n.16 (D. Idaho Oct. 21, 2011) (rejecting the application of *In re Wilhelm* and *In re Sheridan*, Case No. 08–20381–TLM, 2009 WL 631355 (Bankr. D. Idaho Mar. 12, 2009)).

**MEMORANDUM DECISION AND ORDER - 16**

**8.      Unjust Enrichment**

Last, Plaintiffs contend that without the ability to enforce the Note, Plaintiffs are entitled to recover payments made pursuant to the Note under a theory of unjust enrichment. To prevail on an unjust enrichment claim, plaintiff must prove: "(1) a benefit conferred upon defendant by plaintiff; (2) appreciation by the defendant of the benefit; (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment of the value thereof ." *Aberdeen–Springfield Canal Co. v. Peiper*, 982 P.2d 917, 923 (Idaho 1999).

To the extent that Plaintiffs' unjust enrichment claim is premised on the argument that Defendants must "produce the note," this argument is rejected as discussed above. The doctrine of unjust enrichment does not apply when there is an enforceable express contract between the parties covering the same subject matter. *Wilhelm v. Johnston*, 30 P.3d 300, 307 (Idaho Ct. App. 2001) (finding that the existence of an enforceable promissory note and deed of trust precluded the application of unjust enrichment), *cited in Hofhines*, 2012 WL 3440458 at *8.

There is a Deed of Trust and Note that cover the subject matter of this litigation. The Court finds that Plaintiffs have not stated a claim invalidating the Deed of Trust or the Note. It is clear under both the Deed of Trust and Note that Plaintiffs had an obligation to repay the loan, and they do not allege that any payments they did make were not applied to their loan obligation. Plaintiffs have not alleged that, in addition to payments made to America's Wholesale Lender or its successors, they made payments to some other party claiming to be a holder of the Note. Plaintiffs do not allege that there is

**MEMORANDUM DECISION AND ORDER - 17**

any current demand by some other party other than the Defendants to make payments on the Note. Notably, Plaintiffs also fail to allege they have not defaulted on their loan obligation. Plaintiffs therefore do not state a claim for unjust enrichment, and the Court will dismiss this claim.

**9.     Motion to Amend**

Plaintiffs have moved to file a second amended complaint. Even if a party has not requested leave to amend, a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). Having reviewed Plaintiffs' proposed Second Amended Complaint, this Court finds the proposed amendment would be futile.

In their proposed amended complaint (Dkt. 13-1), Plaintiffs offer no new facts that cure the current complaint's deficiencies. Plaintiffs add an additional paragraph describing Fidelity National Title, the originally named trustee, as a "real party in interest" for purposes of any declaratory judgment. However, as explained above, there is no dispute that BAC appointed ReconTrust as successor trustee, and Plaintiffs have not shown there were irregularities with the Deed of Trust or with MERS's assignment of the same to BAC before BAC appointed ReconTrust.

Plaintiffs add also a second paragraph describing the Note as a negotiable instrument and that Plaintiffs have a right to demand production of the original Note. That argument has been rejected, as explained above.

And finally, Plaintiffs add a third paragraph that MERS's "Deed was executed for the purpose of sidestepping the statutory requirement that all assignments made by a

**MEMORANDUM DECISION AND ORDER - 18**

beneficiary or a trustee must be Publicly [sic] rather than privately recorded before a non-judicial foreclosure can be had," rendering the deed in violation of Idaho law and therefore invalid as a security. The Court has discussed this argument extensively above. These new proposed allegations would not save Plaintiffs' claims that the Deed of Trust is unenforceable. Nor does the proposed amended complaint add any facts suggesting that the Defendants failed to comply with Idaho's foreclosure statutes.

For those reasons, the Court will deny Plaintiffs' Motion to Amend.

## CONCLUSION

The Court concludes that Plaintiffs, as explained above, have failed to state a claim upon which relief may be granted, and Defendants' motion to dismiss should be granted. Further, because the Court finds that Plaintiffs' proposed amendment to the complaint would be futile, the Court will deny their motion to amend.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion to Dismiss (Dkt. 6) is **GRANTED.**

2) Plaintiffs' Motion to Amend (Dkt. 13) is **DENIED**.

Dated: September 17, 2012

Honorable Candy W. Dale
United States Magistrate Judge